UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL TOBIN                                                                    CIVIL ACTION

VERSUS                                                                          NO. 05-2234

SPRINGFIELD FREIGHTLINER, INC.,                      SECTION "C" (5)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to dismiss and/or motion for summary judgment filed by Springfield Freightliner Sales ("Springfield Freightliner"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff sue in diversity for redhibition under Louisiana law pertaining to the 2005 purchase of a 2005 Freightliner M 2106 truck from the Springfield Freightliner, a Missouri corporation located in Springfield, Missouri. The sales contract was signed in Missouri and provides as follows:

> ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER
> OTHER THAN DEALER ARE THEIRS, NOT DEALER'S, AND ONLY SUCH
> MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR
> PERFORMANCE UNDER SUCH WARRANTIES, UNLESS DEALER
> FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY OR
> SERVICE CONTRACT MADE BY DEALER ON ITS OWN BEHALF,

1

> DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE: (A) ON ALL GOODS AND SERVICES SOLD BY DEALER; AND (B) ON ALL USED VEHICLES WHICH ARE HEREBY SOLD "AS IS - NOT EXPRESSLY WARRANTED OR GUARANTEED".

Springfield Freightliner argues that Louisiana's law does not apply to this sale and that the plaintiff's redhibition claim against it should be dismissed. The plaintiff acknowledge that Louisiana conflicts rules apply, but argues that Louisiana law applies because its interest outweighs that of Missouri for purposes of the conflict analysis.[1]

The parties agree that this issue is governed by La. Civ. Code art. 3537, which provides as follows:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance fo the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

In turn, La. Civ. Code art. 3515 provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

---

[1] The plaintiff does not argue that the contract language is ineffective or that Missouri law would not recognize the waiver. See Harber v. Altec Industries, Inc., 812 F.SUpp. 954 (W.D.Mo. 1993).

> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Based on these statutes, this Court undertook a conflicts analysis in a redhibition context in Skansi Marine, L.L.C. v. Ameron International Corp., 2003 WL 22852221 (E.D.La.), and in that case, relied heavily on R-Square Investments, Inc. v. Teledyne Industries, Inc., 1997 WL 436245 (E.D.La.)(J. Fallon).  The reasoning of both of those cases applies equally to this matter.  In both cases, Louisiana plaintiffs were unable to maintain claims for redhibition against out-of-state sellers.

Here, the undisputed facts indicate that the negotiations for the sale were made by the parties in their respective states, but that the sale was confected and the truck delivered in Missouri.  The majority of the facts pertaining to contract negotiation, formation, performance and object of the contract occurred in Missouri for purposes of Article 3537, with only the plaintiff's residence and some of his negotiations having a Louisiana connection.  In addition, although the truck might be "domiciled" with the plaintiff in Louisiana after the sale, the truck's mobility is assumed in the transaction and is inherent in its function.  The state policies referred to in Article 3537 and Article 3515 also point to the application of Missouri law.  The disclaimer was clearly set forth in the sales contract for the plaintiff to read, and the disclaimer otherwise facilitates the orderly planning of transactions and promotes interstate commerce.  In addition, the "as is" clause and lack of warranty is presumably reflected in the presumably lower

sales price offered to the plaintiff.

Finally, as stated by Judge Fallon in R-Square, supra at *5,

> A state does not have an interest in having its law applied simply because it has contacts with the transaction or the parties.  Rather, a state is interested only if its contacts with the transaction are such that applying its law to the case would actually further the pertinent policies underlying that law.  Symeon C. Symeonides, *Louisiana Conflicts Rules Two: "Surprises,"* 54 La. L. Rev. 497, 524 (1994).

Louisiana has not been shown to have the requisite interest in this matter.

Accordingly,

IT IS ORDERED that the motion to dismiss and/or for summary judgment, treated as a motion for summary judgment, filed by Springfield Freightliner Sales is GRANTED.  (Rec. Doc. 19).

New Orleans, Louisiana, this 16th day of May, 2006.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE